In an action to recover a real estate broker’s commission, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated November 18, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants’ motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
In this action to recover a real estate broker’s commission, the plaintiff, a real estate brokerage firm, alleged that its broker, Simon Yermash, procured ready, willing, and able purchasers, Anna Shchiglik and Mark Kotliar (hereinafter together the purchasers). The purchasers ultimately purchased the subject property from the defendants. To prevail on its cause of action to recover a commission, the plaintiff is required to prove, inter alia, that it was “the procuring cause of the sale” (Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp., 70 AD3d 810, 810 [2010] [internal quotation marks omitted]; see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770, 773 [2013]; Hentze-Dor Real Estate, Inc. v D'Allessio, 40 AD3d 813, 815 [2007]). “To establish that a broker was the procuring cause of a transaction, the broker must establish that there was a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation” (Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d at 773 [internal quotation marks omitted]; Hentze-Dor Real Estate, Inc. v DAllessio, 40 AD3d at 816). However, “a broker . . . does not automatically and without more make out a case for commissions simply because he [or she] initially called the property to the attention of the ultimate purchaser” (Greene v Hellman, 51 NY2d 197, 205 [1980]). *982 “Where, as here, the broker is not involved in the negotiations leading up to the completion of the deal, the broker must establish that [it] created an amicable atmosphere in which negotiations proceeded or that [it] generated a chain of circumstances that proximately led to the sale” (Hentze-Dor Real Estate, Inc. v D’Allessio, 40 AD3d at 816 [internal quotation marks omitted]; see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d at 773; McNeill v Menter, 19 AD3d 1161, 1162 [2005]; Buck v Cimino, 243 AD2d 681, 684 [1997]).
Here, in support of their motion for summary judgment dismissing the complaint, the defendants submitted evidence which included the deposition testimony of the purchasers that they had a personal and business relationship with Yermash, who had shown them various properties in 2000 and 2001. In April 2001, Mary Nuccio Realty was the listing broker for the subject property and had placed the property on a multiple listing service at the asking price of $799,000. Yermash showed Shchiglik the subject property during a meeting which lasted 30 minutes and included a tour of the entire premises. One of the defendant sellers was present and answered Shchiglik’s questions. Yermash was the only broker ever to show the property to Shchiglik. Shchiglik later expressed her interest in the property to Kotliar, who called Yermash and asked him to submit an offer of $699,000 to the defendants. According to Kotliar’s testimony, Yermash said the offer was too low and that he was not going to submit it to the sellers. Thereafter, the purchasers cut all ties with Yermash. Approximately one month later, a broker from Fillmore Real Estate, Ltd. (hereinafter Fillmore) showed the property to Kotliar. After this showing, in June 2001, Kotliar informed the Fillmore broker of the previous showing by Yermash. The Fillmore broker told Kotliar that, because the previous listing had expired, the plaintiff was no longer authorized to complete the sale. The subsequent broker conveyed an offer of $715,000 from the purchasers to the defendants and a counteroffer from the defendants of $730,000; on June 9, 2001, the purchasers and the defendants signed a binder for $730,000, which was the ultimate closing price. One of the defendant sellers testified that she received no offers from other potential purchasers during the time the property was listed.
With this evidence, the defendants established, prima facie, that the plaintiff was not the procuring cause of the sale. However, in opposition, the plaintiff submitted evidence raising a triable issue of fact sufficient to defeat the defendants’ motion. The plaintiff submitted a document signed by Shchiglik establishing that Yermash showed the property to her on April *983 5, 2001. Further, the plaintiff submitted Yermash’s affidavit in which he averred that the April 2001 showing to Shchiglik lasted 30 to 60 minutes, during which she expressed immediate interest as evidenced by the length of the showing, Shchiglik taking measurements in different rooms, and the number of questions Shchiglik asked the seller. Yermash further averred that he did submit the offer of $699,000 to the defendants, that offer was rejected, and thereafter, his phone calls to the purchasers were not returned despite their previous business and personal relationship. Further, the plaintiff raised a triable issue of fact as to whether the defendants improperly denied the plaintiff a commission by submitting evidence that the defendants were aware of Yermash’s involvement yet, over the purchasers’ objection, they refused to sign the sale contract unless it contained a clause warranting that Fillmore was the only broker and that the purchasers agreed to indemnify them in the event of breach of the warranty.
On the record presented, we do not agree with our dissenting colleague that the evidence conclusively establishes that the plaintiffs only involvement was a single showing which resulted in obtaining an offer substantially less than the asking price and the ultimate sale price. It is undisputed that Yermash, the plaintiffs broker, was the first to show the premises to one of the purchasers on April 5, 2001, and only two months later, on June 9, 2001, the purchasers signed a binder for the sale price of $730,000. The purchasers conceded that they submitted an offer of $699,000 through Yermash shortly after the April 2001 showing. There is a triable issue of fact as to whether this was a credible offer within the negotiable range in light of the ultimate sale price of $730,000. A triable issue also is raised as to whether Yermash not only obtained this offer but also submitted it to the sellers at a time when the property was placed on a multiple listing service. The record does not clearly reveal the circumstances surrounding the purchasers’ refusal to continue dealing with Yermash despite their previous business and personal relationship when, shortly thereafter, they continued the transaction with the aid of another broker. Disputed fact issues exist as to whether the purchasers rebuffed Yermash’s subsequent attempts to continue the negotiations, and whether the defendants improperly warranted that the broker from Fillmore was the only broker involved in the sale.
Thus, the plaintiff raised a triable issue of fact as to whether it generated a chain of circumstances that proximately led to the sale (see Hentze-Dor Real Estate, Inc. v D’Allessio, 40 AD3d at 816; McNeill v Menter, 19 AD3d at 1162; Buck v Cimino, 243 *984 AD3d at 684-685; Dagar Group v Hannaford Bros. Co., 295 AD2d 554, 555 [2002]; cf. Mollyann, Inc. v Demetriades, 206 AD2d 415, 416 [1994] [plaintiff broker was not a direct and proximate link to the sale where the sellers ultimately “negotiated an entirely different deal with the purchasers through a different broker”]). In light of this triable issue of fact, the Supreme Court properly denied the plaintiffs cross motion for summary judgment on the issue of liability, but should have also denied the defendants’ motion for summary judgment dismissing the complaint (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Skelos, J.E, Angiolillo, Chambers, JJ., concur.